SUMMARY ORDER

Petitioner, Saidu Jalloh, allegedly a native and citizen of Sierra Leone, seeks review of a June 11, 2008 order of the BIA affirming the November 9, 2006 decision of Immigration Judge (“IJ”) Philip L. Morace denying petitioner’s application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Saidu Jalloh, No. A 079 303 576 (B.I.A. Jun. 11, 2008), aff'g No. A 079 303 576 (Immig. Ct. N.Y. City Nov. 9, 2006). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
When the BIA summarily affirms the decision of the IJ without issuing an opinion, see 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ’s decision as the final agency determination. See Shunfu Li v. Mukasey, 529 F.3d 141, 146 (2d Cir.2008). We review the agency’s factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as “conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.” 8 U.S.C. § 1252(b)(4)(B); see also Manzur v. U.S. Dep’t of Homeland Sec., 494 F.3d 281, 289 (2d Cir.2007).
*533 Substantial evidence supports the BIA’s affirmance of the IJ’s adverse credibility determination. In finding Jalloh not credible, the IJ reasonably considered a forensic expert’s report and testimony, concluding that Jalloh’s identity card had been altered and that his birth certificate was a counterfeit. Although the IJ did not adopt the forensic expert’s ultimate conclusion that either document was fraudulent, he reasonably relied on the expert’s testimony in affording limited weight to those documents. See Xiao Ji Chen v. U.S. Dep’t of Justice, 471 F.3d 315, 342 (2d Cir.2006).
The IJ also reasonably noted Jalloh’s inability to explain how he received the birth certificate from his mother in 1996 when the birth certificate’s format was not employed by the Sierra Leonean government until 1998, and reasonably considered that the face of the birth certificate indicated it was issued in July 2000, two months after Jalloh testified that he saw his mother for the last time. Lastly, the IJ properly noted Jalloh’s inability to explain why two contradictory birth certificates had been submitted. In light of these discrepancies, the IJ appropriately concluded that Jalloh was not credible as to his identity, a sufficient reason for the IJ to deny his asylum claim. See 8 U.S.C. § 1101(a)(42); Wangchuck v. Dep’t of Homeland Sec., 448 F.3d 524, 528-29 (2d Cir.2006).
Because the only evidence of a threat to Jalloh’s life or freedom depended upon his credibility, the adverse credibility determination necessarily precludes success on Jalloh’s claims for withholding of removal and CAT relief, which are based on the same factual predicate. See Paul v. Gonzales, 444 F.3d 148, 156-57 (2d Cir.2006).
Although Jalloh asserted other bases for remand, we need not address them. The adverse credibility finding is dispositive in this case.
For the foregoing reasons, the petition for review is DENIED. Having completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).